Whenever you're ready, Counsel. Thank you. Good morning, Your Honors. Heather Goliath on behalf of Edwin Almonte-Nunez. I'd ask to reserve three minutes for rebuttal, if There are two issues in this appeal. The first is whether Mr. Almonte-Nunez was sentenced in excess of the statutory maximum penalty as to count three. The second is whether the government breached the plea agreement in two respects with regard to the sentence imposed on counts one and three. I'll start very briefly with the standard of review because it appears that's at issue based on the government's brief. It's our position the plain error standard of review applies to the two claims that I articulated as unfortunately Mr. Almonte-Nunez did not object in the district court to those. However, the de novo standard of review applies to any question of whether what is the scope of the appeal waiver and whether the miscarriage of justice exception under Teeter applies as to that appeal waiver. The government cited a series of cases related to Rule 11B1N, which is whether the district court complied with that provision and how the colloquy occurred. Mr. Almonte-Nunez has not challenged that and so the plain error standard that's articulated under those cases has no bearing on this court's interpretation of the appeal waiver and Mr. Almonte-Nunez's plea agreement and whether that bars his appeal. Obviously, it's our position that it does not bar his appeal. So in turning to the statutory maximum question, very obviously and straightforwardly the maximum penalty for violation of Section 922G1 is 10 years. Mr. Almonte-Nunez was sentenced to 150 months on that count. Obviously, that's in excess of 10 years. It's our position that that illegal sentence affects his substantial rights. How so? Under the analysis in Puckett, Mr. Almonte-Nunez did not obtain the benefit contemplated by the plea agreement, which is also our position that the record would contradict any claim that he had not obtained the benefit of that agreed sentence or he would not likely have obtained the benefit. District Court declined to impose one of two additional enhancements that was not included in the plea agreement based on the government's representations. In that exchange back and forth, the district court was very clear that it would not go over the prosecutor's most sound discretion because he did not want the prosecutor on appeal to argue that the district court was wrong. I also provided to the court persuasive authority, particularly from the Second Circuit in Fernandez. Prosecutor and defense counsel alike were in a position to argue to the court the court should give effect to the intent of the plea agreement, which was an offense level 25. The court made it pretty clear that to him that it could sentence how it felt based on its view of what was the offense conduct. Did not the court do that? I think if I may, I believe you're jumping sort of to the breach of the plea agreement argument and I'm happy to go there. In terms of the breach of the plea agreement, there were two breaches. The first is that the government supported an enhancement under 2B3.1, subsection B4B, which was not included in the plea agreement. The government conceded that it breached the plea agreement in that regard. The second breach... How did the government support that enhancement? It twice told the district court unprompted that the facts supported that enhancement. Now, the district court raised the question of the enhancement and your client's counsel responded that there was no evidence in the record to support that enhancement. And the government pointed out correctly, the government has some obligation to the court to level with the court about what is and what isn't in the record and the government merely pointed out that that statement was not true. That there was evidence in the record. Didn't support the enhancement. And it then answered questions by the court about that enhancement, but consistently said that it was recommending, it, the government, was recommending a sentence in line with the plea agreement at a GSR computed from offense level 25. Well, and I would respectfully disagree. I think that in the first... The government didn't consistently say that it was recommending the upper end of a guideline range computed at offense level 25. Well, I think GANSI, a decision from the circuit, is... But would you answer my question, did or did not the government make that point crystal clear during the sentencing? I don't think it was crystal clear. I think the government does say, I recommend a sentence of 137 months, then proceeds in multiple instances to provide additional information that's in excess of what's in the pre-sentence report, that's in excess of what the district court has before it, and clearly is in support of this additional enhancement. Why is it clear? The government was entitled under the agreement to argue for the upper end of the guideline. Based on an offense level 25. That's right. And so, in support of that argument, it has to point out what the defendant has done in this case that's particularly unattractive to support an argument of the upper end of the guideline as opposed to the lower end. And my response would be very respectfully, I think that the parties were both on notice. There was a sentencing hearing that was scheduled that ultimately was continued. At that sentencing hearing, the district court makes clear to both counsel that he's looking... The judge is looking to impose two additional enhancements. So at that point, I believe both counsel are on notice that they have to tailor their remarks very specifically because the court has indicated it's looking at a sentence greater than the plea agreement. So in order to give effect to the plea agreement, I think the prosecutor is going above and beyond by suggesting these additional points as opposed to arguing only for the 137-month sentence, particularly after... And I think, and if Your Honor disagrees, obviously Your Honor's controlling, but I think that the district court, there's a colloquy back and forth with the prosecutor where the district court makes it clear that he thinks that the prosecutor is supporting this enhancement. He says, well, wait, why are you saying 137 months? Because I've said it's an offense level 26, and you agree it's an offense level 27. So I think the district court is of the opinion, based on my review of the transcript and the record, the prosecutor is supporting that enhancement. Ultimately, at least the second alleged breach of the plea agreement, which is based on the government's remarks at sentencing, and I would refer to the court, to Gonsi in particular, I think that case is on point, in line with sort of the facts here. In that case, the prosecutor, the plea agreement said they would recommend, I believe it was a low-end sentence. The guidelines were 70 to 87 months. If I could just briefly finish that thought. Thank you. You've reserved time. Thank you, Judge. Good morning. May it please the Court, John Matthews appearing on behalf of the United States. Would you start where the defense counsel started, and that's with the sentence that is irrefutably in excess of the statutory maximum. Why on earth shouldn't we correct that? Your Honor, in this case, the government concedes that it did exceed the statutory maximum. However, it was concurrent to count one, which was within the statutory. I understand that. But what difference does that make? You've got an obviously illegal sentence. And I'm frankly scratching my head at why the government is defending it. It's not that it would be hard to correct. It's not that there are circumstances here where the defendant can be held responsible for the error in the imposition of the sentence, or where the defendant hasn't raised this for a long time. Well, Your Honor, in this case, if it was an abuse of discretion standard, then the government would agree with you that it should just be remanded and corrected. But because it's a plain error standard, there's precedent in this circuit that this would essentially be harmless. There's precedent that goes both ways. Right. But what I'm asking is really not a question about the plain error standard. I'm just asking just as a matter of appearances, because it's nice not only to administer justice, but to give the appearance of administering justice. You've got an obviously illegal sentence. It doesn't make any practical difference if you correct it. It takes no particular effort to correct it. And what's the government? It seems to me you're saying we're opposing it because we can. Not exactly, Your Honor. We're opposing it because in conservation of judicial resources, since it is harmless error, since there is no prejudice. How does it conserve judicial resources? You don't need a new sentencing hearing, nothing like that. In this case, it doesn't really make a practical difference if the sentence remains. Sometimes you worry about a sentence. There's a collateral effect. Is there any collateral effect that might occur here because of this 150-month illegal sentence? No, Your Honor. Our position is that because it's concurrent with count one, in this particular case, the district court imposed a sentence based on the 3553 factors. And if the case would be remanded and the court sentenced to a sentence within the statutory maximum, lower than the statutory maximum, it would have no practical effect on the overall sentence and it would still be imposed consecutive to the other gun charge. Theoretically, there can be collateral consequences on sentences. In the prison itself, if he somehow got out of prison and had another criminal offense, would that illegal sentence work to his disadvantage? I see what you're saying. Yes, Your Honor. It would. No, I understand. And there could be situations, for example, if somewhere down the line, you know, one of the sentences was vacated, then in that case it would make a difference. Vacated, commuted, pardoned, cooperation resulting in some adjustment. See, the baseline's been changed now and the baseline's been changed unfairly. And I take your point in a technical sense that maybe there isn't prejudice. But as a practical matter, as an appellate court, we can't be sitting here thinking about all the things that might be running through that individual's mind or people he might want to cooperate with on the government side's mind in the future. But why not just correct it so that the baseline is solid for any of those kinds of decisions that do get made in the future? The government acknowledges that that is one option, that there is case law that goes both ways. Yeah, and we've got cases that support you, and I'm wondering why. Why our cases did that, if we just relied on precedent, or if there's some real solid basis for our not simply rule 52, we just find the error and correct it. It seems as though, yeah, the court relied on prior precedent and, you know, went through the analysis. And granted, as I was stating earlier, it depends on the standard as well. Also, it seems as in the plain error cases, you know, you get to the substantial rights affected question and that the court just decided because of the lack of real prejudice in that instance that, you know, it wasn't worth remaining. So do you mind, I would just like to then go back and ask a question that Judge Selya already asked and you answered, but I just want to ask it again so that I have it set in my mind. Why does the government care? Well, it's not exactly the question he asked. The government's position in this particular case, and given the facts, you know, finality is important in this particular case, especially given the facts, which are pretty egregious when it comes to both the crime itself and the defendant in this case, his prior criminal history, that, you know, the sentence in this case was just, and although in part procedurally incorrect, that there would just be no real harm in affirming. In addressing the breach question, the government does concede that there is a breach in recognizing in the lower court that the two-level enhancement should apply. However, That stuns me that the government is acknowledging a breach here. I understand we don't have to accept the concession. Well, only with respect to one prong, right? So my sister counsel was arguing that there is two breaches. Yeah, no, no, no. But it stuns me that you think there's any breach at all. So you think that your colleague in the U.S. Attorney's Office did something wrong here? Well, by the plain language of the plea agreement, because the initial base offense level was 25, because the government did support, in some way, an enhancement of two levels, by acknowledging to the court that based on the facts of the case and the sworn testimony, that the two-level enhancement should apply. So the prosecutor should have lied to the court and told the court that there was no evidence? No. Well, if you're not advocating prosecutors lying to the court, how can the prosecutor acknowledging to the court that there is evidence to support the court's view be deemed as a breach of the plea agreement? Only because the agreement between the parties, between the government and Mr. Almonte, was based on a base level of 25. Yeah, but that's what the agreement is based on. All right? That's true. And the agreement is the prosecutor won't support an enhancement. And I'm struggling with your notion, and frankly it shocks me, that by leveling with the court about what the record shows, when the court raises the question and inquires of counsel as to whether there's evidence to support the court's view, that by leveling with the court, the prosecutor breaches the plea agreement. Well. I think that's a horrendous precedent. The government, by leveling with the court, I mean, the government's position is that the government should have leveled with the court and should have been candid with the court. All right. Was the prosecutor candid with the court here? Yes. Did the prosecutor do more than be candid with the court? Did the prosecutor ever say, I think you should apply the enhancement, the government supports the enhancement, anything to that effect? There was, in this case, sufficient language that indicated that the government thought it was appropriate to apply the enhancement in this case. And that was contrary to the party's agreement. So, in being fair to Mr. Almonte as well, the government's position is that that was a breach. However, it's also the government's position that the government stood by other aspects of the plea agreement, including the 137-month sentence, which was at the top of the prior guideline sentencing range. The plea colloquy, as I started out, made it very clear that the court did not have to sentence in accordance with the plea agreement. And so I guess what you're saying in answer to Judge Selye's question, that when the court raised the question of the enhancement, what your colleague should have said, well, yes, that's true, but we stand by the plea agreement. Is that what you're saying? And we make no recommendation? Yes, Your Honor. So the government stood by the plea agreement with respect to certain aspects, but with that particular aspect, the government did say, you know, this applies based on the facts. So that's the basis for your concession that the government violated the plea agreement? Yes, Your Honor. When you look at the specific language. If there are no further questions, the government rests on its brief. Thank you. Thank you. I'll just make a couple of very brief points in rebuttal. In response to the last piece, I would note that while the plea agreement does provide that the court has to calculate the guidelines correctly, by entering the plea agreement, and I rely on Riggs for this proposition, the defendant is bargaining for the prestige of the government and the potential the government has to influence the sentence. It's not as though he's entering into this plea agreement and agreeing to specific provisions and thinking that it all sort of falls apart at the sentencing hearing. So he wants to withdraw the plea as a result of the breach? The remedy that we're seeking is a resentencing before a different judge. I think that the breach goes to the sentencing issue itself. It doesn't go to the voluntary, knowing, and intelligent nature of the guilty plea itself. I think it goes to sentencing, and because of that, under Santabello, I think the appropriate remedy then is a remand for resentencing before a different judge where that enhancement is not supported, and the additional arguments sort of in line with Concie are not made. So you want, in addition to correcting the illegal sentence, you want an entirely new sentence procedure? As to counts one and three, yes, Your Honor. That's what Mr. Almonte is seeking. And then the last point I was just going to make, I believe, in terms of Concie, the government recommended 70 months, which is what it was required to do, but then proceeded to make a series of additional remarks sort of consistent with here about how that defendant was the brains of the operation. He ruined numerous lives of individuals, including his children. It was a blatant fraud, and the government continues to go on. And the court, in that instance, found that it was a breach of the plea agreement. We'd ask the court to adopt that here. And I believe that unless the court has questions about the appeal waiver, I'll rest on the briefs on that piece. Thank you both. Thank you, Judge.